IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| EDWARD F. CHANNELL, et al., Plaintiffs, v. THE UNITED STATES, Defendant. | ) | No. 07-338C (Judge Nancy B. Firestone) |

DEFENDANT'S ANSWER

For its answer to the complaint filed on May 31, 2007, defendant admits, denies, and avers as follows:

I. Subject Matter Of Complaint

1. Admits the allegations contained in paragraph 1 that the individuals named as plaintiffs are or were employed as GS-391 telecommunications specialists by the United States Government; the remaining allegations in paragraph 1 are plaintiffs' characterizations of their claims and conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

II. Jurisdiction And Venue

2. The allegations contained in paragraph 2 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

III. Parties

3. Admits the allegation contained in the first sentence of paragraph 3, that plaintiff Roger Levi is currently "a resident of Reston, Virginia," to the extent supported by the consent form attached to plaintiffs' complaint, which is the best evidence of its contents; admits the

remaining allegations contained in paragraph 3 that plaintiff Roger Levi is currently employed as a GS-391-13 telecommunications specialist for the Voice of America, Broadcasting Board of Governors in Washington, D.C.

4. Admits the allegations contained in the first sentence of paragraph 4, that the remaining plaintiffs are current or former employees of the Voice of America, Broadcasting Board of Governors in Washington, D.C.; admits the remaining allegations contained in paragraph 4 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 4.

5. The allegations contained in paragraph 5 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

6. The allegations contained in paragraph 6 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

IV. Facts

7. The allegations contained in the first and second sentences of paragraph 7 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Defendant denies the allegations contained in the third sentence of paragraph 7.

8. Admits the allegations contained in the first sentence of paragraph 8, that at all material times the plaintiffs have worked as telecommunications specialists, to the extent supported by the written consent forms attached to plaintiffs' complaint, which are the best evidence of their contents; otherwise denies the remaining allegations contained in paragraph 8 for lack of knowledge or information sufficient to form a belief as to their truth.

9. Denies.

10. Denies.

11. Denies.

12. The allegations contained in paragraph 12 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

13. The allegations contained in paragraph 13 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

14. The allegations contained in paragraph 14 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

15. Denies that plaintiffs are entitled to the relief set forth in the prayer for relief immediately following paragraph 14, or to any relief whatsoever.

16. Denies each and every allegation not previously admitted or otherwise qualified.

AFFIRMATIVE DEFENSE

17. To the extent that the defendant is found to have violated the terms of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq., or any other applicable statute, its violations occurred notwithstanding its good faith efforts to comply with the terms of such statutes and were not willful.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Todd D. Hughes
TODD D. HUGHES
Deputy Director

OF COUNSEL:

ELIZABETH PARISH
Assistant General Counsel
Broadcasting Board of Governors
330 Independence Avenue, Room 3349
Washington, D.C. 20237
Telephone: (202) 203-4550

/s/ Ellen M. Lynch
ELLEN M. LYNCH
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 353-7994
Facscimile: (202) 514-8624

September 13, 2007

Attorneys for Defendant