IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| EDWARD F. CHANNELL, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 07-338C |
| | ) | (Judge Firestone) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

JOINT MOTION FOR A PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Rules of the United States Court of Federal Claims, the parties hereby jointly move for a protective order to enable defendant to produce records requested by plaintiffs that contain material protected from disclosure under the Privacy Act, 5 U.S.C. § 552a. The parties also jointly request that the Court order defendant to produce the records requested by plaintiffs that contain material protected from disclosure under the Privacy Act, 5. U.S.C. § 552a, to enable defendant to produce the requested records pursuant to 5 U.S.C. § 552a(b)(11).

Plaintiffs have served document requests upon defendant requesting plaintiffs' performance evaluations, time and attendance records, leave slips, and official records of plaintiffs' travel and earnings. See Ex. 1. Plaintiffs have also requested documents discussing whether individuals other than plaintiffs were exempt from overtime provisions of the Fair Labor Standards Act pursuant to 29 U.S.C. § 213(a). Id. The Privacy Act provides that "[n]o agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with prior written consent of, the individual to whom the record pertains . . . ." 5 U.S.C.

§ 552a(b). The term "record" is broadly defined as "any item, collection, or grouping of information about an individual that is maintained by an agency, including, but not limited to, his education, financial transactions, medical history, criminal or employment history and that his name, or the identifying number, symbol, or other identifying particular assigned to the individual . . . ." 5 U.S.C. § 552a(a)(4). Absent a protective order and an order from the Court instructing defendant to produce the requested records, defendant will be unable to produce the requested documents relating to individuals other than plaintiffs, and would be unable to produce the requested documents relating to plaintiffs without receiving prior written consent from each plaintiff.

The Privacy Act, however, permits the agency to produce such "records" pursuant to a court order. 5 U.S.C. § 522a(b)(11). The parties, therefore, believe that such a protective order and an order instructing defendant to produce the documents requested by plaintiffs which contain material protected from disclosure under the Privacy Act, 5 U.S.C. § 552a, would facilitate discovery in this case.

For these reasons, the parties respectfully request that the Court issue a protective order and an order instructing defendant to produce the documents requested by plaintiffs which contain material protected by the Privacy Act, 5 U.S.C. § 552a. The parties have attached a proposed protective order for the convenience of the Court.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Todd M. Hughes
TODD M. HUGHES
Deputy Director

s/Ellen M. Lynch
ELLEN M. LYNCH
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
TEL: (202) 353-7994
FAX: (202) 514-8624

Attorneys for Defendant

s/Molly A. Elkin
MOLLY A. ELKIN
Woodley & McGillivary
1125 15th Street, N.W., Suite 400
Washington, D.C. 20005
(202) 833-8855

Of Counsel:
BRYAN G. POLISUK
Woodley & McGillivary
1125 15th Street, N.W., Suite 400
Washington, D.C. 20005
(202) 833-8855

Attorneys for Plaintiffs

May 13, 2008

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| EDWARD F. CHANNELL, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 07-338C |
| | ) | (Judge Firestone) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

PROPOSED PROTECTIVE ORDER

Plaintiffs in this action and defendant, the United States, have agreed upon and stipulated to the entry of an order pursuant to Rule 26(c) of the Rules of the United States Court of Federal Claims ("RCFC") for the purpose of protecting Protected Information as defined below. The materials identified below shall only be disclosed and used by plaintiffs upon the following terms and conditions:

1. "Protected Information" as used herein means: any item, collection, or grouping of information about an individual that is maintained by an agency, including, but not limited to, the individual's education, financial transactions, medical history, and criminal or employment history and that contains the individual's name, or the identifying number, symbol, or other identifying particular assigned to the individual, such as a finger or voice print or a photograph, or any other information required to be kept confidential pursuant to the Privacy Act of 1974, 5 U.S.C. § 552a.

2. Protected information shall be used by plaintiffs solely for the purposes of prosecuting or settling this litigation (including any appeal or ancillary proceedings) and shall not be given, shown, made available, discussed, or

otherwise communicated in any form except as provided herein.

(a) Except as provided in paragraphs 2(c), (d), and (e), the only persons who may be given access to protected information are (i) legal counsel for plaintiffs and (ii) independent consultants and experts assisting such counsel in connection with this litigation, whether or not designated as testifying experts.

(b) To be granted access to protected information, any such person shall first read this Protective Order and, if an attorney, execute a copy of the Application for Access to Information Under Protective Order by Inside or Outside Counsel (Form 9) or, if a consultant or expert, execute a copy of the Application for Access to Information Under Protective Order by a Consultant or Expert (Form 10). The party seeking to have such person granted access shall then provide a copy of the executed action to each other party. Such person shall, without further action by the Court, be permitted access to protected information at the close of the second business day after the other parties have received the Application, unless, in the interim, any party informs the requesting party of an objection. If the parties are unable to reach agreement regarding an objection, the party seeking access may present the matter to the Court. Such person shall not be given access unless and until the Court authorizes such access.

(c) Paralegal, clerical, and administrative support personnel assisting any counsel who has been admitted under this Protective Order may be given access to protected information if such personnel have first been informed

by such counsel of the obligations imposed by this Protective Order.

(d) Employees of the Court, stenographers transcribing testimony or argument at a deposition, the Voice of America, Broadcasting Board of Governors, and the Department of Justice are automatically subject to the terms of this Protective Order and are entitled to access to protected information, without further action.

(e) Each plaintiff may have access to their own protected information. However, no plaintiff shall have access to the protected information of any other plaintiff or any other individual unless counsel for defendant receives prior written consent from each plaintiff or individual whose information is to be shared with other plaintiffs.

3. Protected information of any kind may be provided only to the Court and to the individuals authorized by this Protective Order, and must be in a sealed parcel containing the legend "Protected Information Enclosed" conspicuously placed on the outside of the parcel containing the information. A copy of the certificate of service identifying the document being filed should be attached to the front of each parcel.

(a) The first page of each document containing protected information is to be clearly marked as follows: Protected Information to be Disclosed Only in Accordance with U.S. Court of Federal Claims Protective Order

(b) Any courtesy copies of protected information that are filed with the Court for use by the judge should be marked as such.

(c) The Court will maintain properly marked protected pleadings or information under seal.

4. A party that files a pleading in accordance with paragraph 3 hereof shall promptly serve on each other party a proposed redacted copy of the pleading with the claimed protected information deleted and clearly marked "Proposed Redacted Copy" in the upper right hand corner of the first page.

(a) Within two business days after their receipt of the proposed redacted copy, other parties shall advise the party originating the pleading of any additional redactions they require. The originating party shall promptly provide each party with a copy of the pleading from which all information that any party has requested by redacted has been redacted and clearly marked "Agreed-Upon Redacted Copy - May Be Made Public" in the upper right-hand corner of the page. During the two-day period, the proposed redacted copy shall be treated as protected. At the expiration of the two-day period, or when agreement is reached, the agreed-upon redacted copy shall be filed with the Court by the originating party.

(b) Any party at any time may serve on the other parties a proposed redacted copy of any document (other than a pleading, to which paragraph 4(a) applies) filed with the Court or of any document produced or generated in discovery whether or not filed with the Court and shall clearly mark the document in the manner provided above. The other parties shall respond promptly, advising the serving party of any additional redactions they

require. The serving party shall proceed as provided in the last sentence of paragraph 4(a).

5. Any party may at any time object to another party's designation of particular information as protected. If a party receiving or possessing a document or thing designated as Protected Information believes the contents are not confidential, the objecting party must within thirty (30) calendar days of receiving the information notify the designating party in writing of the objection and the basis for the objection. Thereafter the parties will confer and, if within ten (10) calendar days from receipt of the party's notice of objection, the parties cannot resolve the disagreement, the objecting party, within twenty (20) calendar days of the date on which the parties determine that they cannot resolve the dispute, may file a motion with the Court seeking a resolution of the issue. Until the Court rules otherwise, the parties agree to treat all information subject to an objection as Protected Information and subject of the terms of this Protective Order.

6. Without the consent of defendant, plaintiffs may not make more than three (3) copies of any document containing protected information received from another party. Plaintiffs may make additional copies for filing with the Court, service on the parties, or use in discovery, and may also incorporate limited amounts of protected information in their pleadings. All copies of such documents and of pleadings referring to protected information shall be clearly labeled in the manner required by paragraph 3 of this Protective Order.

7. Each person covered by this Protective Order shall take all necessary precautions

to prevent disclosure of protected information, including but not limited to physically securing, safeguarding, and restricting access to the protected information. The confidentiality of information learned pursuant to this Protective Order shall be maintained in perpetuity.

8. Within thirty (30) days after the conclusion of this action (including any and all appeals and remands), counsel for plaintiffs shall (i) destroy all protected information and certify in writing to all parties that such destruction has occurred and/or (ii) return the protected information to the parties from which the information was received. Provided the documents are marked and protected and properly secured, counsel for each party may retain one copy of unredacted pleadings.

9. Any party whose information has been designated as protected may at any time waive the protection of this Protective Order with respect to any and all such information by so advising counsel for all parties in writing, identifying with specificity the information to which this Protective Order shall no longer apply.

10. Nothing contained in this Protective Order shall preclude a party from seeking relief from this Protective Order through the filing of an appropriate motion with the Court that sets forth the basis for the relief sought.

11. If a party determines that a previously produced document inadvertently was not identified as containing protected information, the producing party shall give notice in writing that the document is to be treated as protected, and thereafter the designated document shall be treated in accordance with this Protective Order.

12. Counsel for the parties shall promptly report upon any breach of the provisions of this Protective Order to counsel for the opposing party. Upon discovery of any breach, plaintiffs' or defendant's attorneys shall immediately take appropriate action to cure the violation and retrieve any protected information that may have been disclosed to persons not covered by this Protective Order. The parties shall reasonably cooperate in determining the reasons for any such breach.

ORDERED:

Dated: ___________

______________________________
The HONORABLE NANCY B. FIRESTONE
Judge, United States Court of Federal Claims

ATTACHMENT A

CERTIFICATION OF COMPLIANCE WITH PROTECTIVE ORDER

______________________, certify my understanding that protected information is being provided to me pursuant to the restrictions of the protective order entered in Channell, et al., v. United States, No. 07-338C, in the United States Court of Federal Claims. I solemnly swear or affirm that I have reviewed the copy of the protective order attached hereto, and that I will be bound by and comply with the terms of the order, including any amendments by the Court. I understand that, except as provided in the protective order, at the conclusion of this litigation, all Protected Information, and any copies thereof, including but not limited to notes, summaries, digests, and transcriptions of such information, shall be returned to counsel for the United States for disposition in accordance with the protective order.

Date:

Signed: ________________

Print Name: _________________

CERTIFICATE OF FILING

I hereby certify that on May 13, 2008, copies of the foregoing "JOINT MOTION FOR A PROTECTIVE ORDER" and "PROPOSED PROTECTIVE ORDER" were filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties my access this filing through the Court's system.

s/Ellen M. Lynch
Ellen M. Lynch