IN THE UNITED STATES COURT OF FEDERAL CLAIMS

EDWARD F. CHANNELL, et al.,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

Case No. 1:07-cv-00338-NBF
(Judge Fireston)

PLAINTIFFS' FIRST REQUEST TO
DEFENDANT FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Rules of the United States Court of Federal Claims ("RUSCFC"), the plaintiffs hereby request that the defendant produce the documents described below. The documents should be made available to plaintiffs' counsel for inspection and copying within 30 days of service. Plaintiffs request that the documents be produced at the law offices of Woodley & McGillivary, 1125 15th Street, N.W., Suite 400, Washington, D.C. 20005.

DEFINITIONS AND INSTRUCTIONS

1. These document requests shall be deemed continuing and, pursuant to Rule 26(e) of the RUSCFC, defendant is to promptly produce and serve supplemental documents as additional information becomes known.

2. The term "document" shall have the broadest meaning possible and shall include, but not be limited to, the original (or a copy when the original is not available), each non-identical copy (including those which are non-identical by reason of notations or markings, or by appearing in the files of a separate person), and any books, notebooks, periodicals, electronic mail such as "e-mails" and any printouts thereof,

letters, reports, memoranda, handwritten notes, diaries, calendars, photographs, notations, messages, telegrams, wires, cables, press or news wire releases, records, studies, analyses, summaries, magazines, booklets, circulars, catalogs, bulletins, instructions, operating or maintenance manuals, operating or product specifications, fabrication sheets, day-timers, notes or records of meetings, notices, purchase orders, bills, ledgers, checks, tabulations, questionnaires, surveys, drawings, sketches, schematics, blueprints, flow sheets, working papers, charts, graphs, indices, tapes, agreements, releases, appraisals, valuations, estimates, opinions, financial statements, accounting records, income statements, films or videotapes, tapes, minutes, contracts, leases, invoices, records of purchase or sale, electronic or other transcription or tapings of or notes pertaining to telephone or personal conversations or conferences, tape recordings (video, audio or otherwise), electromagnetic recordings, voicemail messages or transcriptions thereof, interoffice communications of all types, microfilms, CD ROMS, DAT tapes, videotapes or cassettes, films, movies, summaries of investigations or interviews, press releases, court papers, brochures, pamphlets, computer printouts and any and all other written, printed, typed, punched, engraved, taped, filmed, recorded (electronically or otherwise), labeled, or graphic matter, of whatever description, however produced or reproduced (including computer-stored or generated data, together with instructions or programs necessary to search and retrieve such data), and shall include all attachments to (including tangible things) and enclosures with (including tangible things) any requested item, to which they are attached or with which they are enclosed, and each draft thereof.

3. The documents sought in this request are those in the possession, custody or

control of the defendant or any agent, representative, employee or attorney of the defendant who may have access, possession, custody or control, regardless of where located.

4. Identify the person or person having custody of the documents produced by describing each person's title, department, address, and telephone number (including area code), and state the number(s) of each request for production of documents for which that person furnished information.

5. The term "documents" includes the original and all copies of the document or any part of the document and all drafts of the document or any part of the document. The plural of any word encompasses and also refers to the singular.

6. If any document described below cannot be located, describe in detail the effort made to locate the document, identify the person who made the effort, including the custodian of any documentation searched. If the document was destroyed, state when, at whose direction, and the reasons for its destruction. If the document was lost, state at what approximate date, by whom, and under what circumstances. If you are unable to produce any document requested for any other reason, state the reason you are unable to produce the document, and identify the document with as much accuracy as possible.

7. Should you claim a privilege for any document about which information is requested for any of the following requests for documents, you are to provide a list with the following information:

a. The name and title of the author(s), sender(s), addressee(s), and recipient(s);

b. The date the document was originated;

c. The date and title of each person to whom the contents of the document has been communicated (by copy, exhibition, reading, summarization, or otherwise);

d. A description of the nature and subject matter of the document; and

e. A statement of the privilege and the basis upon which it is asserted.

The documents requested are as follows:

1. Since January 1974, all documents exchanged between the Office of Personnel Management (OPM) and any agencies or department of the defendant, or prepared by such agencies, which relate in any way to the application or non-application of OPM regulations, codified at 5 C.F.R. Part 551, to the job classifications occupied by the plaintiffs during the time period between May 31, 2004 to date.

2. All documents that relate to the job duties and responsibilities since May 31, 2004 of the positions currently held by plaintiffs including, but not limited to, employee handbooks, instructional manuals, training booklets, and intra-agency memoranda and correspondence.

3. A copy of all instructions and manuals that defendant expects plaintiffs to use in any way in performing their work during the time period after May 31, 2004.

4. All position descriptions relevant to each plaintiff's job during the time period after May 31, 2004.

5. All performance evaluations and other documents used to evaluate each plaintiff's job performance during the time period after May 31, 2004.

6. All documents that reflect the educational and training requirements of each

position the plaintiffs have held since May 31, 2004.

7. All documents which reflect the education and training that the plaintiffs have received during the time they have worked for the defendant.

8. Since May 31, 2004, during the time the plaintiffs worked for the defendant, all documents that reflect each plaintiff's pay on a weekly or biweekly basis, including, but not limited to, all pay rates, time cards, payroll sheets, and other payroll records applicable to the plaintiffs.

9. Since May 31, 2004, during the time that the plaintiffs worked for the defendant, all documents that reflect each plaintiff's hours of work on a daily, weekly and biweekly basis including, but not limited to, all time cards, time sheets, payroll sheets, and other payroll records applicable to the plaintiffs.

10. Since May 31, 2004, during the time period that the plaintiffs worked for defendant, all documents that reflect the amount of overtime paid to each plaintiff, on a weekly or biweekly basis, including, but not limited to, overtime paid under 5 U.S.C. § 5542, compensatory time as overtime, and overtime paid under the Fair Labor Standards Act.

11. Since May 31, 2004, the <u>Position Standards</u> in effect for positions classified in the occupational series held by plaintiffs at the GS-13 pay grades.

12. Since January 1974, all documents exchanged between the Office of Personnel Management (OPM) and any agencies or department of the defendant, or prepared by such agencies, which relate in any way to the exempt or non-exempt status of employees of defendant regarding positions held by plaintiffs at the GS-13 pay grades.

13. During the time period between April 1, 1986 to date, all documents exchanged between OPM and the Voice of America and between OPM and the Broadcasting Board of Governors in which the exemptions to the Fair Labor Standards Act (FLSA), set forth at 29 U.S.C. § 213(a), are discussed or referred to in any way.

14. All documents since 1986 exchanged between the U.S. Department of Labor and the Voice of America and between the U.S. Department of Labor and the Broadcasting Board of Governors in which the exemptions to the Fair Labor Standards Act (FLSA), set forth at 29 U.S.C. § 213(a), are discussed or referred to in any way.

15. Since January 1974, all documents that reflect FLSA classification appeals to the Voice of America and/or the Broadcasting Board of Governors, or to OPM, including the appeals themselves (it is permissible to redact the names of the individual employees who pursued the appeals) and any responses to the appeals, for the persons occupying the plaintiffs' positions at the GS-13 pay grades.

16. Since 1974, all documents exchanged between OPM and the United States Department of Labor in which the professional, and/or the administrative exemptions to the Fair Labor Standards Act (FLSA), set forth at 29 U.S.C. § 213(a), is discussed or referred to in any way.

17. All documents (with respect to each plaintiff) which support any claim by defendant that such plaintiffs are exempt employees under the FLSA.

18. All documents (with respect to each plaintiff) that relate in any way to the question of whether such plaintiffs are exempt or non-exempt employees under the FLSA.

19. All documents related to any defenses that defendant intends to raise to the

claims in this case.

20. All documents related to any Government-authorized travel undertaken by plaintiffs since May 31, 2004.

21. All documents which the Defendant anticipates presenting in connection with the disposition and trial of this proceeding.

Respectfully submitted,

Dated: December 19, 2007

Molly A. Elkin
Woodley & McGillivary
1125 15th Street, N.W.
Suite 400
Washington, D.C. 20005
(202) 833-8855

Attorney of Record

Bryan G. Polisuk
Woodley & McGillivary
1125 15th Street N.W.
Suite 400
Washington, D.C. 20005
(202) 833-8855

Of Counsel