# In The United States Court of Federal Claims

| | | |
|---|---|---|
| EDWARD F. CHANNELL, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 07-338C |
| | ) | (Judge Firestone) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

PROTECTIVE ORDER

Plaintiffs in this action and defendant, the United States, have agreed upon and stipulated to the entry of an order pursuant to Rule 26(c) of the Rules of the United States Court of Federal Claims ("RCFC") for the purpose of protecting Protected Information as defined below. The materials identified below shall only be disclosed and used by plaintiffs upon the following terms and conditions:

1. "Protected Information" as used herein means: any item, collection, or grouping of information about an individual that is maintained by an agency, including, but not limited to, the individual's education, financial transactions, medical history, and criminal or employment history and that contains the individual's name, or the identifying number, symbol, or other identifying particular assigned to the individual, such as a finger or voice print or a photograph, or any other information required to be kept confidential pursuant to the Privacy Act of 1974, 5 U.S.C. § 552a.

2. Protected information shall be used by plaintiffs solely for the purposes of prosecuting or settling this litigation (including any appeal or ancillary

proceedings) and shall not be given, shown, made available, discussed, or otherwise communicated in any form except as provided herein.

(a) Except as provided in paragraphs 2(c), (d), and (e), the only persons who may be given access to protected information are (i) legal counsel for plaintiffs and (ii) independent consultants and experts assisting such counsel in connection with this litigation, whether or not designated as testifying experts.

(b) To be granted access to protected information, any such person shall first read this Protective Order and, if an attorney, execute a copy of the Application for Access to Information Under Protective Order by Inside or Outside Counsel (Form 9) or, if a consultant or expert, execute a copy of the Application for Access to Information Under Protective Order by a Consultant or Expert (Form 10). The party seeking to have such person granted access shall then provide a copy of the executed action to each other party. Such person shall, without further action by the Court, be permitted access to protected information at the close of the second business day after the other parties have received the Application, unless, in the interim, any party informs the requesting party of an objection. If the parties are unable to reach agreement regarding an objection, the party seeking access may present the matter to the Court. Such person shall not be given access unless and until the Court authorizes such access.

(c) Paralegal, clerical, and administrative support personnel assisting any counsel who has been admitted under this Protective Order may be given access to protected information if such personnel have first been informed by such counsel of the obligations imposed by this Protective Order.

(d) Employees of the Court, stenographers transcribing testimony or argument at a deposition, the Voice of America, Broadcasting Board of Governors, and the Department of Justice are automatically subject to the terms of this Protective Order and are entitled to access to protected information, without further action.

(e) Each plaintiff may have access to their own protected information. However, no plaintiff shall have access to the protected information of any other plaintiff or any other individual unless counsel for defendant receives prior written consent from each plaintiff or individual whose information is to be shared with other plaintiffs.

3. Protected information of any kind may be provided only to the Court and to the individuals authorized by this Protective Order, and must be in a sealed parcel containing the legend "Protected Information Enclosed" conspicuously placed on the outside of the parcel containing the information. A copy of the certificate of service identifying the document being filed should be attached to the front of each parcel.

(a) The first page of each document containing protected information is to be clearly marked as follows: Protected Information to be Disclosed Only in

Accordance with U.S. Court of Federal Claims Protective Order

(b) Any courtesy copies of protected information that are filed with the Court for use by the judge should be marked as such.

(c) The Court will maintain properly marked protected pleadings or information under seal.

4. A party that files a pleading in accordance with paragraph 3 hereof shall promptly serve on each other party a proposed redacted copy of the pleading with the claimed protected information deleted and clearly marked "Proposed Redacted Copy" in the upper right hand corner of the first page.

(a) Within two business days after their receipt of the proposed redacted copy, other parties shall advise the party originating the pleading of any additional redactions they require. The originating party shall promptly provide each party with a copy of the pleading from which all information that any party has requested by redacted has been redacted and clearly marked "Agreed-Upon Redacted Copy - May Be Made Public" in the upper right-hand corner of the page. During the two-day period, the proposed redacted copy shall be treated as protected. At the expiration of the two-day period, or when agreement is reached, the agreed-upon redacted copy shall be filed with the Court by the originating party.

(b) Any party at any time may serve on the other parties a proposed redacted copy of any document (other than a pleading, to which paragraph 4(a) applies) filed with the Court or of any document produced or generated in

discovery whether or not filed with the Court and shall clearly mark the document in the manner provided above. The other parties shall respond promptly, advising the serving party of any additional redactions they require. The serving party shall proceed as provided in the last sentence of paragraph 4(a).

5. Any party may at any time object to another party's designation of particular information as protected. If a party receiving or possessing a document or thing designated as Protected Information believes the contents are not confidential, the objecting party must within thirty (30) calendar days of receiving the information notify the designating party in writing of the objection and the basis for the objection. Thereafter the parties will confer and, if within ten (10) calendar days from receipt of the party's notice of objection, the parties cannot resolve the disagreement, the objecting party, within twenty (20) calendar days of the date on which the parties determine that they cannot resolve the dispute, may file a motion with the Court seeking a resolution of the issue. Until the Court rules otherwise, the parties agree to treat all information subject to an objection as Protected Information and subject of the terms of this Protective Order.

6. Without the consent of defendant, plaintiffs may not make more than three (3) copies of any document containing protected information received from another party. Plaintiffs may make additional copies for filing with the Court, service on the parties, or use in discovery, and may also incorporate limited amounts of protected information in their pleadings. All copies of such documents and of

pleadings referring to protected information shall be clearly labeled in the manner required by paragraph 3 of this Protective Order.

7. Each person covered by this Protective Order shall take all necessary precautions to prevent disclosure of protected information, including but not limited to physically securing, safeguarding, and restricting access to the protected information. The confidentiality of information learned pursuant to this Protective Order shall be maintained in perpetuity.

8. Within thirty (30) days after the conclusion of this action (including any and all appeals and remands), counsel for plaintiffs shall (i) destroy all protected information and certify in writing to all parties that such destruction has occurred and/or (ii) return the protected information to the parties from which the information was received. Provided the documents are marked and protected and properly secured, counsel for each party may retain one copy of unredacted pleadings.

9. Any party whose information has been designated as protected may at any time waive the protection of this Protective Order with respect to any and all such information by so advising counsel for all parties in writing, identifying with specificity the information to which this Protective Order shall no longer apply.

10. Nothing contained in this Protective Order shall preclude a party from seeking relief from this Protective Order through the filing of an appropriate motion with the Court that sets forth the basis for the relief sought.

11. If a party determines that a previously produced document inadvertently was not identified as containing protected information, the producing party shall give notice in writing that the document is to be treated as protected, and thereafter the designated document shall be treated in accordance with this Protective Order.

12. Counsel for the parties shall promptly report upon any breach of the provisions of this Protective Order to counsel for the opposing party. Upon discovery of any breach, plaintiffs' or defendant's attorneys shall immediately take appropriate action to cure the violation and retrieve any protected information that may have been disclosed to persons not covered by this Protective Order. The parties shall reasonably cooperate in determining the reasons for any such breach.

ORDERED:

Dated: May 15, 2008

s/Nancy B. Firestone
NANCY B. FIRESTONE
Judge

ATTACHMENT A

CERTIFICATION OF COMPLIANCE WITH PROTECTIVE ORDER

______________________, certify my understanding that protected information is being provided to me pursuant to the restrictions of the protective order entered in Channell, et al., v. United States, No. 07-338C, in the United States Court of Federal Claims. I solemnly swear or affirm that I have reviewed the copy of the protective order attached hereto, and that I will be bound by and comply with the terms of the order, including any amendments by the Court. I understand that, except as provided in the protective order, at the conclusion of this litigation, all Protected Information, and any copies thereof, including but not limited to notes, summaries, digests, and transcriptions of such information, shall be returned to counsel for the United States for disposition in accordance with the protective order.

Date: ________________

Signed: ________________

Print Name: _________________